UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

**WISCONSIN MASONS HEALTH CARE FUND,**
**WISCONSIN MASONS APPRENTICESHIP &**
**TRAINING FUND, and**
**GARY BURNS (in his capacity as Trustee),**

**BRICKLAYERS & TROWEL TRADES**
**INTERNATIONAL PENSION FUND,**
**INTERNATIONAL MASONRY INSTITUTE,**

**WISCONSIN LABORERS HEALTH FUND, BUILDING**
**& PUBLIC WORKS LABORERS VACATION FUND,**
**WISCONSIN LABORERS APPRENTICESHIP &**
**TRAINING FUND, and JOHN J. SCHMITT**
**(in his capacity as Trustee)**

**WISCONSIN LABORERS-EMPLOYERS**
**COOPERATION AND EDUCATION TRUST FUND,**

**BUILDING TRADES UNITED PENSION TRUST FUND**
**and SCOTT J. REDMAN (in his capacity as Trustee),**

**INDUSTRY ADVANCEMENT PROGRAM/CONTRACT**
**ADMINISTRATION,**

                                      **Plaintiffs,**

    v.                                                                     Case No.   19-cv-131

**SID'S SEALANTS, LLC**

                                      **Defendant.**

---

## COMPLAINT

---

      **NOW COME** the Plaintiffs, by their attorneys, and as and for a cause of action against the Defendants, allege and show to the court the following:

1. This is a lawsuit to collect unpaid contributions, interest, and liquidated damages pursuant to ERISA, a claim brought under Wisconsin law for a declaration that the Plaintiffs are entitled to pursue all damages that they could have pursued in case No. 17CV28 as a result of the Defendant's breach of a settlement agreement between the parties, and a further claim under ERISA for damages that the Plaintiffs could have pursued in case No. 17CV28 should the Plaintiffs receive the declaration that they request under Wisconsin law.

### Jurisdiction and Venue

2. Jurisdiction of this Court upon Defendants Sid's Sealants, LLC (hereinafter "Sid's Sealants") and Sidney N. Arthur (hereinafter "Mr. Arthur") is founded upon sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. §§1132, 1145) in that the Plaintiffs are aggrieved by the Defendants' violation of certain collective bargaining agreements and trust agreements by failing to remit contributions to the Plaintiffs as required by said agreements.

3. The Court has supplemental jurisdiction over the Plaintiffs' Wisconsin law claim for breach of contract when the factual basis for the breach of contract claim is the Defendant's failure to remit contributions at issue in the Plaintiffs' ERISA claim advanced as Count I of this Complaint.

4. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that the some of the Plaintiffs are administered at their offices located in Dane County, Wisconsin.

### Parties

5. Plaintiffs Wisconsin Masons Pension Fund, Wisconsin Masons Health Care Fund, Wisconsin Masons Apprenticeship & Training Fund are employee benefit plans within the meaning of ERISA §§ 3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified

as amended at 29 U.S.C. §§ 1002(1), (2), (3) and (37), 1132 and 1145), and bring this action on behalf of the Trustees, participants and beneficiaries of said Plans. Said Plans maintain offices at 2901 Beltline Highway, Madison, Wisconsin 53713.

      6.     Plaintiff Gary Burns is a trustee and a fiduciary of the Wisconsin Masons Health Care Fund, as well as a participant and beneficiary within the meaning of ERISA and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for. Gary Burns maintains an office at 17125 West Cleveland Avenue, New Berlin, Wisconsin 53151.

      7.     Plaintiffs Bricklayers & Trowel Trades International Pension Fund and International Masonry Institute ("IMI") are employee benefit plans within the meaning of ERISA §§ 3(2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§1002(2), (3) and (37), 1132 and 1145), and bring this action on behalf of the Trustees, participants and beneficiaries of said Plans. Said Plans maintain offices at 620 F Street NW, Washington, D.C. 20004.

      8.     Plaintiff Building Trades United Pension Trust Fund is an employee benefit plan within the meaning of §§ 3(1), (2), (3), and (37), 502, and 515 of ERISA, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3), and (37), 1132, and 1145), and brings this action on behalf of the Trustees, participants, and beneficiaries of said plan. Said plan maintains offices at 500 Elm Grove Road, Elm Grove, WI 53122.

      9.     Plaintiff Scott Redman is a Trustee and a fiduciary of the Building Trades United Pension Trust Fund, as well as a participant and beneficiary within the meaning of ERISA and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for. Scott Redman maintains an office at 11175 West Parkland Avenue, Milwaukee, Wisconsin 53224.

      10.    Plaintiff Industry Advancement Program/Contract Administration Fund

("IAP/CA") is an employee benefit plan governed by a board of trustees consisting of union and labor employee appointees as provided by LMRA § 302(c)(5) (29 U.S.C. § 186(c)(5)).  It brings this action on behalf of the trustees, participants, and beneficiaries of said organization and maintains offices at P.O. Box 507, Brookfield, Wisconsin 53008.

11.     Plaintiffs Wisconsin Laborers Pension Fund, Wisconsin Laborers Health Fund, and Wisconsin Laborers Apprenticeship & Training Fund are employee benefit plans within the meaning of ERISA §§ 3(1), (2), (3), and (37), 502, and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3), and (37), 1132, and 1145), and bring this action on behalf of the Trustees, participants, and beneficiaries of said Plans.  Said Plans maintain offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

12.     Plaintiff John J. Schmitt is a trustee and beneficiary of the Wisconsin Laborers Health Fund and as such has standing to be a Plaintiff in this action.  Mr. Schmitt maintains an office at 4633 LIUNA Way, Suite 101, DeForest, Wisconsin 53532.

13.     Plaintiffs Wisconsin Laborers-Employers Cooperation and Education Trust Fund ("LECET Fund"), Labor Management Cooperation Trust Fund, and Industry Advancement Program Fund are employee benefit plans governed by a board of trustees consisting of union and labor employee appointees as provided by LMRA § 302(c)(5), whose purpose is to address areas of common concern to labor and management in the construction industry.  Said Plan maintains an office at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

14.     Defendant Sid's Sealants LLC ("Sid's" or "Sid's Sealants") is a domestic limited liability company organized under the laws of the State of Wisconsin, engaged in business with principal offices located at 404 Hickory Drive, P.O. Box 280, Fredonia, Wisconsin 53021.  The

registered agent for service of process is Sidney N. Arthur, 1104 Niesen Road, Port Washington, Wisconsin 53074.

**Facts**

15. Defendant Sid's Sealants is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) of ERISA (29 U.S.C. §§ 1002(5), (11), (12) and (14)) and the LMRA (29 U.S.C. § 151, et seq.).

16. For all times relevant, Sid's Sealants was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements (hereinafter "Labor Agreements") with Local Union #8 of the Wisconsin Bricklayers District Council ("Local 8"), which required it to remit contributions to the Plaintiffs, other than the Wisconsin Laborers' Funds' Plaintiffs, for all hours worked by covered employees, which are then defined to include all persons who perform work covered by the CBAs.

17. For all times relevant, Sid's Sealants was and remains a party to collective bargaining agreements with the Wisconsin Laborers District Council that required it to remit contributions to the Wisconsin Laborers' Funds for hours worked by its employees covered by that agreement.

18. In January of 2017, the Plaintiffs filed suit against Sid's Sealants and Sid Arthur in the Western District of Wisconsin in case No. 17CV28.

19. In April of 2018, the parties agreed to a settlement in case No. 17CV28, which resulted in the parties filing a stipulation with the Court to dismiss 17CV28 with prejudice. A copy of the fully executed settlement is attached to this Complaint as exhibit 1.

20. In October of 2018, Sid's Sealants submitted a remittance report to the Plaintiffs that reported to the Plaintiffs a number of hours worked by its employees in August of 2018 that,

when multiplied by the appropriate contribution rates, would have equaled a total contribution amount of $135,420.19 not counting union dues.

21. On or about October 9, 2018, Sid's Sealants paid contributions to the Plaintiffs for the hours worked by its employees in August of 2018 totaling $104,842.19, not counting union dues.

22. On or about October 17, 2018, Sid's Sealants paid contributions to the Plaintiffs for the hours worked by its employees in August of 2018 totaling $10,444.49, not counting union dues.

23. One of the employees for whom Sid's Sealants remitted contributions to the Plaintiffs for his covered jobsite work is Shane Arthur.

24. Sid's Sealants made what it claims to be expense reimbursements to Shane Arthur totaling $979.42 on June 15, 2018; totaling $904.08 on June 22, 2018, $904.08 on July 13, 2018, and $301.36 on July 20, 2018.

25. Based on the fact that Sid's Sealants had previously disguised wage payments to its employees as "expense reimbursements", and given that each of the payments listed in paragraph 24 of the Complaint when divided by Shane Arthur's hourly wage rate of $37.67 per hour would yield a whole number, the "expense reimbursement" payments that Sid's Sealants made to Shane Arthur in June and July of 2018, as listed in paragraph 24 of the Complaint, were actually wage payments for additional hours worked by Shane Arthur.

26. Sid's always remitted to the Plaintiffs for the hours worked by Shane Arthur based on the hours for which he received wage payments; and never for the hours for which he was paid using disguised "expense reimbursements."

27. Upon information and belief Sid's has continued to subcontract a portion of the work that it successfully bided on to North Shore Restoration, though North Shore Restoration is not bound to the collective bargaining agreement between Sid's and Local 8.

28. The Plaintiffs by counsel sent to Sid's Sealants a notice of default for its failure to remit contributions for all hours worked by Shane Arthur on October 8th, 2018.

29. The Plaintiffs by counsel sent to Sid's Sealants a notice of default for its failure to remit all owed contributions for the work month of August of 2018 on October 26, 2018.

30. Sid's Sealants responded to both notices of default on November 30, 2018. In its response Sid's paid an additional $630.85 in contributions for the hours worked by its employees in August of 2018, but otherwise refused to remit additional contributions for either the hours worked by its employees in August of 2018, or for the hours worked by Shane Arthur in June and July of 2018 that it paid him as disguised "expense reimbursements."

31. To date, Sid's has never applied to any of the Plaintiffs' Boards of Trustees for a refund of alleged overpayment of contributions for the hours worked by its employees in May of 2018; nor has the Boards of Trustees of any of the Plaintiffs agreed to provide Sid's with either a refund or a credit for alleged overpayments of contributions for the hours worked by Sid's employees in May of 2018.

32. Sid's failed to remit contributions to the Plaintiffs for all hours reported to the Plaintiffs in 2012.

33. Between 2013 and 2017, Sid's subcontracted work to North Shore Restoration, even though North Shore Restoration neither signified nor agreed to be bound to the full terms of the collective bargaining agreement between Local 8 and Sid's Sealants, resulting in the Plaintiffs' losing fringe benefit contributions they would have received had the subcontracted

work been performed by either Sid's own employees, or by the employees of a subcontractor that was bound to the CBA between Sid's and Local 8.

34. Between 2013 and 2017, Sid's frequently made more than one wage payment to its employees for hours that they worked during the same workweek.

35. Sid's would only report to the Plaintiffs via remittance reports, and remit fringe benefit contributions, hours paid by one of the wage payments that it made to its employees for each week of work, so that it failed to remit to the Plaintiffs contributions for work hours represented by additional, under-the-table wage payments that it made to its employees.

36. Under both the collective bargaining agreements between Sid's and Local 8, and between Sid's and the Wisconsin Laborers District Council, on unpaid contributions Sid's owes to the Plaintiffs liquidated damages equal to 20% of the unpaid contributions, plus interest equal to 1.5% of the unpaid contributions per month.

## **Claim One - Against Defendant Sid's Sealants, LLC**
## **Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)**

37. As and for a first claim for relief against Sid's Sealants., the Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 36 of the Complaint.

38. Sid's has breached its collective bargaining agreement with Local 8 by failing to remit contributions to the Plaintiffs for all acknowledged hours that they worked in August of 2018, given that the Plaintiffs by their respective Boards of Trustees have never agreed to permit Sid's a refund or a credit for alleged overpayments of contributions for May of 2018.

39. Sid's has breached its collective bargaining agreement with Local 8 by failing to remit contributions for hours worked by Shane Arthur in June and July of 2018, for which it paid Shane Arthur through "expense reimbursements" rather than through wage payments.

40. As the third-party beneficiaries of the collective bargaining agreement between Local 8 and Sid's, Plaintiffs' Masons Funds along with the Building Trades United Pension Fund are entitled to recover, for the unpaid contributions described in paragraphs 38 and 39 of the Complaint, an amount equal to the full unpaid contributions, plus interest at 1.5% per month, plus liquidated damages equal to 20% of the full unpaid contributions.

41. The same Fund are also entitled to all contributions they would have received had Sid's used its own employees or a signatory subcontractor to perform the work that it subcontracted to North Shore Restoration, plus all due interest and liquidated damages.

### Claim Two-Against Sid's Sealants for Breach of Contract.

42. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1-41 of the Complaint.

43. By its omissions described in paragraphs 38-39 of the Complaint, Sid's Sealants has breached paragraph 5 of its settlement agreement with the Plaintiffs, which required it to remain current on contributions for the entire duration that it is obligated to remit settlement payments to the Plaintiffs, including June through August of 2018.

44. Sid's failed to cure its violation of paragraph 5 of its settlement agreement with the Plaintiffs within 30 days of receiving notices of default from the Plaintiffs.

45. To date, Sid's has failed to articulate any reason why either its failure to remit full contributions to the Plaintiffs for the hours worked by its employees in August of 2018, or for the hours worked by Shane Arthur in June and July of 2018, was for reason(s) beyond its control, rather than based upon its disagreement as a matter of law with the Plaintiffs' assessment that these contributions are due.

46. Therefore, whereas the settlement agreement between the Plaintiffs and Sid's does commit to an arbitrator the question of whether Sid's failure to cure its breach of paragraph 5 of the settlement agreement was for a reason beyond its control, Sid's has failed to articulate any colorable issues for the arbitrator to decide.

47. The Plaintiffs are therefore entitled to the remedy provided by paragraph 5 of the settlement agreement, i.e. the opportunity to apply for default judgment against Sid's, with the opportunity to, in a hearing, prove up the full amount owed to them that they could recover in case No. 17CV28, minus settlement payments received from Sid's.

48. Because Case No. 17CV28 has been dismissed with prejudice, the Plaintiffs are entitled to the equivalent remedy provided by paragraph 5 of their settlement agreement with Sid's, i.e. a finding that the dismissal of case no. 17CV28 does not bar the Plaintiffs from pursuing all amounts that they could have recovered in case no. 17CV28 in this lawsuit, with the statute of limitations that would have been applicable in case no. 17CV28.

### Claim Three - Resulting Claim Against Defendant Sid's Sealants, LLC
### Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)

49. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1-48 of the Complaint.

50. Sid's Sealants breached its collective bargaining agreements with both Local 8 and the Wisconsin Laborers District Council by failing to remit contributions to the Plaintiffs for hours worked in 2012 by its employees that are included in remittance reports that it submitted to the Plaintiffs.

51. Sid's Sealants breached its collective bargaining agreements with both Local 8 and the Wisconsin Laborers District Council by failing to remit contributions to the Plaintiffs for

hours worked by its employees between 2013 and 2017 for which it issued wage payments to its employees, but which it never reported to the Plaintiffs.

52. Sid's Sealants breached the subcontracting clause of its collective bargaining agreements with Local 8 by subcontracting work to North Shore Restoration, thus entitling the Plaintiffs to all contributions they would have received had Sid's performed the subcontracted work either using its own employees, or using the employees of a subcontractor who was bound to the CBA with Local 8 including its fringe benefit contribution provisions.

53. The Plaintiffs are entitled to all contributions that they should have but did not receive as a result of Sid's violations outlined in paragraphs 48-50 of the Complaint, plus all liquidated damages and interest that they are entitled to pursuant to the agreements.

**WHEREFORE**, the Funds demand the following relief:

1. Judgment on behalf of the Funds and against Sid's Sealants for all contributions owed to them for the time period after April 13, 2018, plus all appropriate interest and liquidated damages;

2. A finding that the Plaintiffs are entitled to pursue against Sid's Sealants all contributions, interest, and liquidated damages that they could have recovered in case No. 17CV28, subject to the statute of limitations that would have been applicable to case No. 17CV28;

3. Judgment for the amount of contributions, interest, and liquidated damages that the Plaintiffs could have recovered in case No. 17CV28;

4. Actual attorney fees and costs incurred by the Plaintiffs in prosecuting Counts I and III of the Complaint;

5. For such other, further, or different relief as the Court deems just and proper.

Dated this 19th day of February, 2019.

                                              s/Yingtao Ho
                                              Christopher J. Ahrens (SBN 1043237)
                                              Yingtao Ho (SBN 1045418)
                                              THE PREVIANT LAW FIRM, S.C.
                                              Attorney for Plaintiffs
                                              301 West Wisconsin Avenue, Suite 100 MW
                                              Milwaukee, WI   53203
                                              414-271-4500 (Telephone)
                                              414-271-6308 (Fax)
                                              Email: cja@previant.com