IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN MASONS HEALTH CARE FUND,
WISCONSIN MASONS APPRENTICESHIP &
TRAINING FUND, GARY BURNS (in his capacity as
Trustee), BRICKLAYERS & TROWEL TRADES
INTERNATIONAL PENSION FUND,
INTERNATIONAL MASONRY INSTITUTE,
WISCONSIN LABORERS HEALTH FUND,
BUILDING & PUBLIC WORKS LABORERS
VACATION FUND, WISCONSIN LABORERS
APPRENTICESHIP & TRAINING FUND, JOHN
SCHMITT(in his capacity as Trustee), WISCONSIN
LABORERS-EMPLOYERS COOPERATION AND
EDUCATION TRUST FUND, WISCONSIN
LABORERS DISTRICT COUNCIL, BUILDING
TRADES UNITED PENSION TRUST FUND, SCOTT
J. REDMAN (in his capacity as Trustee), and
INDUSTRY ADVANCEMENT
PROGRAM/CONTRACT ADMINISTRATION,

OPINION and ORDER

19-cv-131-jdp

          Plaintiffs,
  v.

SID'S SEALANTS, LLC,

          Defendant.

---

This is plaintiffs' second lawsuit against defendant Sid's Sealants, LLC, for violations of the Employee Retirement Income Security Act (ERISA) and the Labor Management Relations Act. The previous lawsuit, Case No. 17-cv-28, was dismissed with prejudice in September 2018 after the parties settled their claims. Dkt. 42 ('28 case); Fed. R. Civ. P. 41(a)(1). In December 2018, plaintiffs filed a motion to reopen that case, contending that Sid's violated the settlement agreement. The court denied the motion because it did not retain jurisdiction over the settlement agreement. Dkt. 75 ('28 case).

Plaintiffs then filed this lawsuit, asserting (1) the ERISA claims that they previously raised in the '28 case, (2) new claims that Sid's violated ERISA by withholding contributions and by subcontracting work in violation of a collective bargaining agreement, and (3) a claim for breach of the settlement agreement. Dkt. 11.[1] Sid's moves to dismiss all of plaintiffs' claims. Dkt. 5. The court will grant the motion in part, and it will dismiss all claims except for the new subcontracting claim.

The court will also grant Plaintiffs' motion for leave to file a sur-reply. Dkt. 17. Although the sur-reply contains several arguments that plaintiffs could have raised in their brief in opposition, the sur-reply does not change the court's decision, so accepting the brief does not unfairly prejudice Sid's.

ANALYSIS

A. ERISA violations raised in the previous lawsuit

Count three of the complaint seeks to recover damages that plaintiffs could have pursued under their claims in their previous lawsuit, Case No. 17-cv-28. Sid's contends that these claims are precluded by the earlier lawsuit or, in the alternative, that the claims are not ripe. Plaintiffs respond to the ripeness argument, but they do not acknowledge Sid's arguments regarding claim preclusion.

---

[1] Plaintiffs filed an amended complaint after Sid's filed its motion to dismiss. In Sid's reply brief, Sid's refers to the amended complaint rather than the original complaint, Dkt. 15, at 5, and the amended complaint is the same as the original complaint except that it attaches the collective bargaining agreement that controls Sid's ERISA contributions. So the court will treat Sid's motion to dismiss as if it were filed against the amended complaint.

2

Claim preclusion bars plaintiffs' claims. The previous case was dismissed with prejudice, Dkt. 42 ('28 case), involved the same parties, and the claims in count three arise from the same set of operative facts. *See Matrix IV, Inc. v. Am. Nat. Bank & Tr. Co. of Chicago*, 649 F.3d 539, 547 (7th Cir. 2011) (explaining the elements of claim preclusion); *see also Golden v. Barenborg*, 53 F.3d 866, 871 (7th Cir. 1995) (voluntary dismissal with prejudice has preclusive effect). Because plaintiffs do not respond to Sid's arguments or explain why the claims in count three are not precluded, the court will dismiss count three.

## B. New ERISA violations

Plaintiffs say that Sid's has violated ERISA in two ways since the last lawsuit. First, they allege that Sid's failed to make timely contributions for hours worked in 2018. Second, they allege that Sid's subcontracted union work in violation of a collective bargaining agreement, and that it owes contributions for the subcontracted work.

The parties agree that the first claim is moot. After plaintiffs filed their brief in opposition, Sid's paid all contributions, interest, and liquidated damages that plaintiffs alleged were owed. So the court will dismiss the contribution claim.

Sid's contends that the second claim should also be dismissed because plaintiffs' allegations are too conclusory to satisfy the pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But even after *Twombly* and *Iqbal*, Federal Rule of Civil Procedure 8 requires only that a complaint (1) give the defendant fair notice of what the claim is and the grounds on which it rests; and (2) plausibly suggest that the plaintiff has a right to relief above a speculative level. *Bravo v. Midland Credit Mgmt., Inc.*, 812 F.3d 599, 601–02 (7th Cir. 2016).

Plaintiffs' complaint satisfies these requirements. They allege that (1) Sid's signed a collective bargaining agreement that required it to remit funds to employee trust funds for all hours spent on work covered by the agreement; (2) Sid's has a history of violating the agreement by subcontracting work to North Shore Restoration, a company not covered by the agreement; and (3) Sid's continued to violate the agreement by subcontracting work to North Shore Restoration. Sid's says that plaintiffs must also allege when and where the subcontracting occurred, but that is the standard that applies to fraud claims under Rule 9(b). *See United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018) ("Under Rule 9(b), a plaintiff alleging fraud or mistake must state with particularity the circumstances constituting fraud or mistake. The plaintiff must describe the 'who, what, when, where, and how' of the fraud—the first paragraph of any newspaper story.") (internal quotations, citations, and alterations omitted). Plaintiffs' claims are not governed by Rule 9, so they are not required to plead the facts with particularity. Because they have alleged enough facts to plausibly state a claim and give Sid's fair notice of the nature of that claim, and because this is all that Rule 8 requires, the court will not dismiss the subcontracting claim.

Sid's also says that plaintiffs violated Rule 11 because they did not conduct a reasonable inquiry to determine if Sid's was in fact still subcontracting union work. But Sid's did not file a separate motion for Rule 11 sanctions, as required by Rule 11(C)(2), or otherwise show that sanctions are necessary. So the court will not grant sanctions under Rule 11.

## C. Breach of the settlement agreement

Enforcement of settlement agreements generally raise only state law issues, which cannot provide a basis for jurisdiction without diversity of citizenship. *Jones v. Ass'n of Flight Attendants-CWA*, 778 F.3d 571, 573 (7th Cir. 2015). But plaintiffs say that the court should

exercise supplemental jurisdiction under 28 U.S.C. § 1367 because proving a breach of the settlement agreement would require plaintiffs to prove some of the same facts as their new ERISA contribution claim. Defendants contend that because the contribution claim is moot, the court should exercise its discretion to decline jurisdiction over the breach claim.

Although plaintiffs concede that the contribution claim is moot, they contend that the court should retain jurisdiction over the overlapping state-law claim because the contribution claim had merit when the lawsuit was initiated, and because the court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) only if *all* federal claims have been dismissed. But the court may also decline jurisdiction § 1367(c)(2) if a state law claim "substantially predominates" over the federal claim. That is the case here.

Plaintiffs' primary claim is the state-law claim for breach of contract. Plaintiffs previously asked the court to enforce the settlement agreement in the '28 case. They filed this case, and asserted the new federal claims, only after the court held it did not have jurisdiction over the settlement agreement and would not reopen the '28 case. If this claim moved forward, most of the litigation would revolve around the breach of the settlement agreement. The parties would need to litigate not only the facts of the alleged breach, but also the proper construction of the terms of the settlement and the scope of its arbitration clause. *See* Dkt. 7-2, ¶ 5.

In comparison, the federal claims would take up only a small part of the litigation. The contribution claim is moot and the claims from the previous case are precluded. Only the subcontracting claim is going forward, and that claim appears to be an afterthought. The relevant facts are alleged in a single paragraph of the complaint, Dkt. 11, ¶ 27, as opposed to the other claims which are discussed much more thoroughly. The subcontracting claim is also likely to be resolved early in discovery, once plaintiffs determine whether Sid's has or has not

in fact continued to subcontract work. After that, litigation would be focused on only the state-law claim.

The court will exercise its discretion under § 1367(c)(2) and decline to exercise jurisdiction over the claim for breach of the settlement agreement.

ORDER

IT IS ORDERED that:

1. Defendant Sid's Sealants, LLC's motion to dismiss, Dkt. 5, is redirected to the amended complaint.

2. Plaintiffs' motion for leave to file sur-reply, Dkt. 17, is GRANTED.

3. Sid's Sealants' motion to dismiss, Dkt. 5, is GRANTED in part. The motion is DENIED as to plaintiffs' claim that Sid's Sealants continues to subcontract work in violation of the collective bargaining agreement. The motion is GRANTED in all other respects.

Entered July 3, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge